IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| BLUE EAGLE FARMING, LLC, et al.,[1] | ) | Case No. 18-02395-TOM-11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

___

| | | |
|---|---|---|
| RICHARD T. ARROWSMITH, | ) | |
| | ) | |
| Plaintiff, | ) | A.P. No. 18-00230-TOM |
| vs. | ) | |
| | ) | |
| ROBERT BRADFORD JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

___

## MEMORANDUM OPINION AND ORDER

This adversary proceeding came before the Court on February 11, 2019 for a hearing on Debtor Robert Bradford Johnson's Motion for Judgment on the Pleadings and As a Matter of Law in the HDL Trustee's Anti-Discharge Case Due to No Underlying Liability (the "Motion") (A.P. Doc. 24); Liquidating Trustee's Opposition to Debtor Johnson's Motion for Judgment on the Pleadings and As a Matter of Law in the HDL Trustee's Anti-Discharge Case Due to No Underlying Liability (the "Opposition") (AP Doc. 29); and Debtors' Response to the Liquidating Trustee's Opposition to Debtor's Motion for Judgment on the Pleadings and As a Matter of Law in the HDL Trustee's Anti-Discharge Case (the "Response") (A.P. Doc. 31). Appearances were as noted on the record. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order of Reference Dated July 16, 1984, as Amended July

---

[1] In addition to Blue Eagle Farming, LLC, the Debtors include the following entities: (1) War-Horse Properties, LLLP; (2) Eagle Ray Investments, LLC; (3) H J Farming, LLC; (4) Blue Smash Investments, LLC; (5) Armor Light, LLC; (6) Forse Investments, LLC; and (7) Robert Bradford Johnson.

17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(I).[3] This Court has considered the pleadings, arguments of counsel, and the law, and finds and concludes as follows:[4]

## FINDINGS OF FACT[5]

The Debtors and Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "Liquidating Trustee"), have a long, well-documented history beginning long before the Debtors' bankruptcy cases were filed. Only an abbreviated recital of the history is necessary for an understanding of the issue currently before this Court.

Health Diagnostic Laboratory, Inc. and its affiliated debtors filed bankruptcy cases in the United States Bankruptcy Court for the Eastern District of Virginia in 2015. A plan was confirmed, and the Liquidating Trustee was appointed. The Liquidating Trustee has filed adversary proceedings against over 100 defendants, including this Court's Debtors,[6] asserting claims for, among other things, fraud, conspiracy, and unjust enrichment (the "Virginia Litigation").[7]

The Debtors filed their bankruptcy cases in this Court on June 8, 2018. On September 11, 2018, the Liquidating Trustee filed this adversary proceeding against Debtor Robert Bradford

---

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:
   The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. §157(b)(2)(B) provides as follows:
   (b)(2) Core proceedings include, but are not limited to–
   . . .
      (I) determinations as to the dischargeability of particular debts[.]

[4] This Memorandum Opinion and Order constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[6] Debtor Armor Light, LLC is not a defendant in the adversary proceedings pending in Virginia.

[7] The Liquidating Trustee has filed multiple pleadings seeking to move all litigation involving the Liquidating Trustee and the Debtors to the Virginia bankruptcy court. As of this date, at least one of this Court's orders denying the requested relief is on appeal to the United States District Court for the Northern District of Alabama.

2

Johnson ("Johnson") seeking a determination that any amounts owed by Johnson as a result of the Virginia Litigation are non-dischargeable (the "Johnson AP"). The Motion now before the Court was filed by the Debtors on November 18, 2018; the Opposition was filed by the Liquidating Trustee on January 3, 2019; and the Response was filed by the Debtors on January 31, 2019. Similar filings have been made by the Debtors and the Liquidating Trustee in the main bankruptcy case; both parties incorporate by reference the arguments made in those filings. *See* BK Docs. 312, 349, and 386.

## CONCLUSIONS OF LAW

According to the Motion, Johnson seeks a judgment on the pleadings that he has no liability to HDL. Motions for judgment on the pleadings are governed by Rule 7012 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 12(c) of the Federal Rules of Civil Procedure. It has been explained that:

> In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings . . . . A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6). The main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion. Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.

*United States v. Bahr*, 275 F.R.D. 339, (M.D. Ala. 2011) (internal citations omitted) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116-17 (11th Cir. 1999)). *See also Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) ("'Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts.'" (quoting *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1232 - 33 (11th Cir. 2005))). "In determining whether a party is entitled to judgment on the pleadings, we accept

3

Case 18-00230-TOM    Doc 39    Filed 04/01/19    Entered 04/01/19 15:46:28    Desc Main
Document      Page 3 of 4

as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). "'Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)).

The Liquidating Trustee alleges that any debts owed to the HDL estate by Johnson are excepted from discharge pursuant to Bankruptcy Code § 523(a)(2)(A) for money or property obtained by fraud, or § 523(a)(6) for willful and malicious injury. Taking as true the facts alleged in the AP Complaint, and construing them in the light most favorable to the Liquidating Trustee, this Court determines that the Liquidating Trustee has alleged facts from which this Court could find that a debt owed by Johnson to the HDL Estate could be excepted from discharge.

Johnson does not challenge any of the allegations made by the Liquidating Trustee, but instead argues several defenses, such as that certain claims are barred by the doctrine of *in pari delicto*, and that the Liquidating Trustee lacks standing to bring certain claims, but the defenses themselves raise questions of fact that must be resolved. For these reasons, the Motion is due to be denied.

It is therefore **ORDERED, ADJUDGED, AND DECREED** that the Motion **DENIED**.

Dated: April 1, 2019  /s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm